UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Viggens Guerrier</u>,
    Petitioner

    v.                                    Case No. 12-cv-153-SM
                                              Opinion No. 2013 DNH 011

<u>United States of America</u>,
    Government

**O R D E R**

Viggens Guerrier seeks relief from his conviction and sentence under the provisions of 28 U.S.C. § 2255. His petition is timely, but, for the reasons given in the government's opposition, presents no issues of merit.

Guerrier's sole complaint is that his trial counsel provided ineffective assistance by failing to move for dismissal of his federal indictment on grounds that Guerrier's rights under the anti-shuttling provision of the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. 2 § 2, Art. IV(e), were violated. He says that, while he was being held in state custody, a federal detainer was lodged against him in connection with an indictment charging him with a Hobbs Act (robbery) crime. He was taken into federal custody several times (for arraignment, a suppression hearing, etc.), and returned to state custody without obtaining a trial.

As the government points out, however, the IADA only comes into play when a detainer is lodged against prisoners who are actually serving incarcerative sentences.

> The terms of the [IADA] apply exclusively to prisoners who are actually serving their sentences and not to pretrial detainees. . . . Nor does it apply to those who have been convicted but not sentenced. . . . As this court recently noted: "[t]he basic purpose of the [IADA] is to prevent interference with institutional care and rehabilitation, and one cannot interrupt that which has not yet started."

United States v. Currier, 836 F.2d 11, 16 (1st Cir. 1987) (citation omitted).

Here, Guerrier was initially taken into custody by the State of New Hampshire on a state parole violation charge. He was being detained by the state pending adjudication of that charge. Guerrier concedes in his petition that "no violation sentence was imposed," but argues that his original state sentence of one to three years — the one from which he was paroled — must have been being "served" while he was detained on the violation charges. He does not claim that his parole was actually revoked and the unserved term of imprisonment was reinstated at any point before he was "shuttled" between state and federal custody. Accordingly, Guerrier was in state custody in essentially a pretrial, or pre-revocation, status — detained pending resolution of the parole violation charge. Given that status, the IADA

2

afforded him no rights, because it did not apply. See <u>United States v. Paige</u>, 332 F. Supp. 2d 467, 473 (D.R.I. 2004) (even if IADA claims were not waived, defendant, who was detained pending parole revocation, was not a prisoner serving a sentence of imprisonment within the meaning of the IADA; citing cases).

In addition, the petition fails for another reason. To show ineffective assistance of counsel, Guerrier must demonstrate not only that defense counsel's performance (in failing to move for dismissal under the IADA) fell below the accepted standard of practice, but also that he was prejudiced by that failure. <u>Strickland v. Washington</u>, 466 U.S. 668, 691-92 (1984). He can show neither. First, it was not incumbent upon defense counsel to file a motion to dismiss under the anti-shuttling provisions since the IADA's provisions didn't apply to petitioner. And, even if counsel should have filed the motion, petitioner was not prejudiced by that failure. This is so because when the receiving party under the IADA is the federal government, any dismissal of an indictment for violations of the IADA "may be with or without prejudice." 18 U.S.C. App. 2 § 9(1).

As the government correctly points out, petitioner was charged with a serious and violent robbery offense involving firearms and drug trafficking. If defense counsel had filed a

motion to dismiss the indictment, and if it had been found to have merit, dismissal would unarguably have been without prejudice and petitioner would unquestionably have been promptly re-indicted on the same charges, and the outcome would have been the same. That is not the stuff of prejudice under <u>Strickland</u>.

As the petition, and the files and records of the case conclusively show that the petitioner is entitled to no relief, the petition (document no. 1) is denied. The court declines to issue a certificate of appealability, but petitioner may seek a certificate from the Court of Appeals under Federal Rules of Appellate Procedure 22. See Rule 11, Federal Rules Governing Section 2255 Proceedings. The Clerk of Court shall enter judgment in accordance with this order and close the case.

    SO ORDERED.

_____
   Steven J. McAuliffe
   United States District Judge

January 28, 2013

cc: Viggens Guerrier, pro se
    Seth R. Aframe, AUSA